IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HAROLD BACON,
ANDRE ALLEN,
CLARENCE THOMPSON,
GREGORY WASHINGTON,
DUANE SCOTT.

    Defendants.

Criminal No. 11-0042
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER RE: DEFENDANTS' PRE-TRIAL MOTIONS

On February 15, 2011, the Government filed an Indictment against eleven Defendants charging them with various offenses related to an alleged conspiracy to distribute one kilogram or more of heroin.[1] Doc. No. 1. On June 7, 2011, a Superseding Indictment was filed adding eight more Co-Defendants. Doc. No. 143. Since that time, fourteen of nineteen Defendants have changed their plea and pled guilty to the offenses(s) charged or, pursuant to a plea agreement, a lesser included offense. Many of these Defendants have already been sentenced by this Court. The only Defendants who have not pled guilty are: Harold Bacon (1), Andre Allen (2), Clarence Thompson (9), Gregory Washington (11), and Duane Scott (18). On August 8, 2012, the Court entered a Pre-Trial Order setting deadlines for pre-trial matters and scheduling a jury trial for November 13, 2012. Doc. No. 869.

---

[1] This case is related to criminal no. 11-00045, *United States of America v. Manghan*, which is scheduled for a trial by jury beginning on October 29, 2012.

Defendants who will proceed to trial have filed thirty (30) pre-trial motions on various dates. Doc. Nos. 554, 555, 556, 557, 558, 559, 560, 562, 564, 565, 571, 572, 580, 582, 583, 584, 585, 586, 794, 828, 847, 854, 856, 857, 859, 861, 862, 863, 864, 865.[2] The Government filed an Omnibus Response on August 29, 2012. Doc. No. 901. Defendants' deadline to file their Replies was September 10, 2012. The only Reply was filed by Defendant Andre Allen in support of his Motion to Compel Expert Witness Information Under Fed. R. Crim. Pro. 16(a)(1)(G) (Doc. No. 847) and Motion to Suppress Wire and Electronic Communication (Doc. No. 828).

AND NOW, this 13th day of September 2012, after careful consideration of Defendants' Motions and the parties' briefs in support of and in opposition thereto, the Court rules as follows:

**Motions for Disclosure/Discovery:**

1. Motion for Discovery: Harold Bacon (Doc. No. 557)

2. Motion for Discovery . . . .: Gregory Washington (Doc. No. 580)[3]

3. Motion for Discovery: Clarence Thompson (Doc. No. 582)

4. Proposed Motion for Discovery: Duane Scott (Doc. No. 854)

---

[2] Defendants in this case have filed Motions to Join Motions of Co-Defendants (Doc. Nos. 573, 841, 875), including Motions which will be addressed in this Memorandum Order. For clarity, each Motion will be referred to by the Defendant who filed the Motion. If a Motion to Join is applicable to a particular Motion, this Court's decision to grant or deny the Motion will apply to the Defendant who filed the Motion as well as any Co-Defendants who elected to join the Motion.

[3] Defendant Washington's Motion at Doc. No. 580 contains several Motions: 1. Motion for Discovery; 2. Motion for Bill of Particulars; 3. Motion for Disclosure of Uncharged Misconduct; 4. Motion for Production of Jencks Material; and 5. Motion to File Additional Motions. The Court will only reference the applicable part of the Motion when dealing with the substance of that particular topic.

In these Motions, Defendants Bacon, Washington, Thompson, and Scott set forth categories of information that they would like the Government to be compelled to provide. Doc. Nos. 557, 580, 582, 854. Federal Rule of Criminal Procedure 16(a)(1) sets forth information that is subject to disclosure by the Government. The Government contends that it "has complied with its discovery obligations under Rule 16 and will continue to do so."[4] Doc. No. 901, 2. All parties must comply with their discovery obligations pursuant to Fed. R. Crim. Pro. 16 and the Court believes that the parties have done so. Furthermore, the Court finds that Defendants' requests for the categories of information are premature in light of the Court's Pre-trial Order setting forth dates for disclosure of *Brady/Giglio* and Jencks Act information (October 16, 2012, Doc. No. 869, ¶ 4). Therefore, Defendants' Motions for Disclosure (Doc. Nos. 557, 580, 582, and 854) are **DENIED AS MOOT**.

5. Motion for Release of *Brady* Materials: Harold Bacon (Doc. No. 556)

6. Motion for Disclosure of Impeachment Evidence: Clarence Thompson (Doc. No. 583)

7. Motion to Produce Favorable Evidence: Clarence Thompson (Doc. No. 585)

8. Motion for Disclosure of Plea Bargains, Preferential Treatment and Promises to Government Witnesses: Clarence Thompson (Doc. No. 586)

9. Proposed Motion for Request for Specific *Kyles* and *Brady* Information: Duane Scott (Doc. No. 864)

Defendants Bacon, Thompson, and Scott seek exculpatory and/or impeachment information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). These cases require that the Government produce any and all information and

---

[4] The Court notes that several of the Discovery Motions were filed over six months ago, therefore, they do not necessarily indicate that there is any current difficulty obtaining discovery from the Government. Doc. Nos. 557 (2/17/12), 580 (2/27/12), 582 (2/27/12), 854 (8/7/2012). All of these Motions were filed *prior to* the Court's Pre-Trial Order which sets forth dates for discovery. Doc. No. 869.

evidence that may be favorable to these Defendants.  In their Motions, Defendants set forth categories of information which may contain such favorable material.  Doc. Nos. 556, 583, 585, 586, 864.  It appears to the Court that since the Motions have been filed (most were filed in February 2012), all parties have been co-operating to exchange information with each other.  Doc. No. 556, 2, Doc. No. 901, 3 ("The prosecution welcomes the assistance of the [D]efendants in meeting this responsibility.").  The Court's Pre-Trial Order sets forth that all remaining *Brady/Giglio* information be disclosed by October 16, 2012.  Doc. No. 869, ¶ 4.  The Court believes that this allows counsel for Defendants adequate time to review the materials and prepare for the November 13, 2012, trial date.  Therefore, Defendants Motions for various *Brady* and *Giglio* materials (Doc. Nos. 556, 583, 585, 586, and 864) are **DENIED AS MOOT**.

    10. Motion for Production of Jencks Material: Harold Bacon (Doc. No. 555)

    11. . . . Motion for Production of Jencks Material: Gregory Washington (Doc. No. 580)

    12. Proposed Motion for Early Disclosure of Jencks Act Material: Duane Scott (Doc. No. 859)

    13. Proposed Motion to Prohibit Jencks Material in the Presence of the Jury: Duane Scott (Doc. No. 862)

The Government is obliged to provide Jencks Act material pursuant to 18 U.S.C. § 3500 and Fed. R. Crim. Pro. 26.2.  Title 18 U.S.C. § 3500 provides that statements or reports of prospective Government witnesses shall not "be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  The Court's Pre-Trial Order sets forth that the Government is encouraged to provide remaining Jencks Act material prior to the November 7, 2012, Pre-Trial Conference.  Doc. No. 869, ¶ 4.  Defendant Bacon notes that "the Jencks Act itself does not require the Government to produce these

materials before a witness testifies at trial" but "the Court has the inherent power to require the production of such materials . . . ." Doc. No. 555, ¶ 7. The Court has encouraged the Government to provide Jencks Act material in advance of trial but, declines to order the Government to provide the material earlier than November 7, 2012. However, the Court continues to encourage early disclosure of information whenever possible. Therefore, Defendants' Motions for production of Jencks Information (Doc. Nos. 555, 580, 859, and 862) are **DENIED AS MOOT**.

14. Motion to Disclose and Exclude Uncharged Misconduct Evidence: <u>Harold Bacon</u> (Doc. No. 562)

15. . . . Motion for Disclosure of Uncharged Misconduct . . . : <u>Gregory Washington</u> (Doc. No. 580)

16. Motion for Notice of Intention to Use Evidence of Convictions or Other Bad Acts: <u>Clarence Thompson</u> (Doc. No. 584)

17. Proposed Motion to Produce Evidence: <u>Duane Scott</u> (Doc. No. 857)

18. Proposed Motion to Compel the Government to Provide Written Notice of Uncharged Misconduct Evidence: <u>Duane Scott</u> (Doc. No. 861)

In these Motions, Defendants Bacon, Washington, Thompson, and Scott seek production of evidence that the Government may use at trial pursuant to Federal Rule of Evidence 404(b). Doc. Nos. 563, 580, 584, 857, 861. Federal Rule of Evidence 404(b) permits evidence of other crimes, wrong, or other acts to be used for a purpose other than to prove a person acted in accordance with his/her character. Pursuant to the Rule, the prosecutor must: (a) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer

at trial; and (b) do so before trial – or during trial if the court, for good cause, excuses lack of pre-trial notice.

The Court's Pre-Trial Order sets forth that information pursuant to Fed. R. Evid. 404(b) be disclosed by October 16, 2012. Doc. No. 869, ¶ 4. The Government indicates that it intends to meet this deadline. Doc. No. 901, 4. Therefore, Defendants' Motions to Produce Evidence pursuant to Fed. R. Evid. 404(b) (Doc. Nos. 562, 580, 584, 857, 861) are **DENIED AS MOOT**.

19. Motion to Compel Expert Witness Information Under Fed. R. Crim. Pro. 16(a)(1)(G):

Andre Allen (Doc. No. 847)

In his Motion, Defendant Allen contends that he has been provided with material pursuant to Fed. R. Crim. Pro. 16, but that this material did not include anything related to expert witnesses. Doc. No. 847, ¶¶ 1, 2. Federal Rule of Criminal Procedure 16(a)(1)(G) provides that "at the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." The summary must include the witness' opinions, qualifications, and the reasoning supporting the opinions. Id.

In its Response, the Government indicates that it "will prepare written summaries in compliance with Rule 16(a)(1)(G) and will disclose the written summaries as soon as they are completed and, in any event, no later than October 16, 2012." Doc. No. 901, 5. In his Reply, Defendant Allen argues that this issue is not moot and that the "Court can still grant the relief [he] has asked for - expert summaries now, not later . . . ." Doc. No. 910, 6. The Court finds that Fed. R. Crim. Pro. 16(a)(1)(G) is satisfied if the material is submitted by October 16, 2012, because this allows sufficient time for Defense Counsel to review the written summary and prepare for trial scheduled to begin November 13, 2012. *See United States v. Walker*, 657 F.3d

6

160, 175 (3d Cir. 2011); *see also United States v. Taylor*, 467 F. App'x 670, 672 (9th Cir. 2012) (holding that disclosure can be as late as the first day of trial as long as the Government was not withholding information, such as an expert report, from Defendant). However, the Court encourages disclosure of the expert report(s) and written summaries as soon they are prepared so that Defense Counsel has as much time as possible to review these documents. Therefore, Defendant's Motion to Compel Expert Information Under Fed. R. Crim. Pro. 16(a)(1)(G) is **GRANTED IN PART AND DENIED IN PART**. The Government shall provide Defense Counsel with proffer(s) of expert witness testimony as soon as they are prepared, but no later than October 16, 2012.

20. Motion for Notice by the Government of Intention to Use Evidence Arguably Subject to Suppression: Harold Bacon (Doc. No. 554)

Defendant Bacon filed this Motion on February 17, 2012, seeking discovery of information which "may reasonably be considered the object of or the basis for a pretrial motion to suppress." Doc. No. 554, ¶ 4. Since that time, pursuant to Fed. R. Crim. Pro. 12(b)(4), the parties have exchanged information. The Government contends that it "is not aware of any evidence that is arguably subject to suppression." If the Government or any Defendant should become aware of any evidence that may arguably be subject to suppression, such information shall be immediately provided to the other parties. Therefore, Defendant's Motion for Notice by the Government of Intention to Use Evidence Arguably Subject to Suppression (Doc. No. 554) is **DENIED AS MOOT**.

21. Proposed Motion to Disclose Identity of Confidential Informants: <u>Duane Scott</u> (Doc. No. 856)

In his Motion, Defendant Scott indicates that he believes that the Government will present testimony from several confidential informants during trial. Doc. No. 856, ¶ 2. Defendant moves for the production of several categories of information related to the confidential informants, including: their names and addresses; statements; criminal records; remuneration; promises from the prosecution; etc. Id. at ¶ 4.

In determining whether to grant or deny a Motion to Disclose a Confidential Informant's Identity, a District Court must weigh "the public interest in protecting the flow of information against the individual's right to prepare his defense." *United States v. Brown*, 3.F.3d 673, 679 (3d Cir. 1993) *quoting Roviaro v. United States*, 353 U.S. 53, 62 (1957). Here, Defendant has not made any showing that the information related to potential confidential informants is necessary to his preparation for trial. Doc. No. 856. Therefore, Defendant's Motion to Disclose Identity of Confidential Informants (Doc. No. 856) is **DENIED AS MOOT**. As indicated in the Government's Response, if testimony of confidential informants is anticipated, it shall provide Defense Counsel with the confidential informants' identities, any related *Brady/Giglio* information, and Jencks Act material by the deadlines for the disclosure of that information. Doc. No. 901, 11.

**Motions for Pre-Trial Admissibility Determinations:**

1. Motion to Dismiss Indictment: <u>Gregory Washington</u> (Doc. No. 794)

Defendant Washington moves this Court to dismiss the Superseding Indictment against him. Doc. No. 794. Defendant argues that the evidence against him "only indicate(s) the alleged buyer/seller relationship between the parties," which he contends is not sufficient to support a charge of conspiracy to distribute and possession with intent to distribute heroin. Doc. No. 794, ¶ 5. The Court agrees with the Government's characterization of Defendant's Motion as an attack on the sufficiency of the Government's evidence rather than the Superseding Indictment itself. Doc. No. 901, 11-12. *United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000) (" . . . . a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence."). Therefore, Defendant's Motion to Dismiss Indictment (Doc. No. 794) is **DENIED**.

2. Motion for *Starks* Hearing: <u>Harold Bacon</u> (Doc. No. 564)

Defendant Bacon moves this Court to issue an Order precluding the Government's use of any alleged audio recordings of Defendant or, alternatively, to hold an audibility hearing and/or a "*Starks*" hearing. Doc. No. 564, 4. Defendant contends that portions of the audio tapes are "so unintelligible" as to make them as a whole "untrustworthy" and that because of background noises and poor quality, the "misleading" recordings should be excluded. Doc. No. 1-2. Defendant seeks that this Court hold a hearing to determine if the audio tapes are admissible. Id. at 3.

The Government has indicated that it will provide Defense Counsel the trial transcripts of "each of the recorded communications it intends to present during its case-in-chief to each of the trial defendants on or before October 2, 2012." Doc. No. 901, 13. These transcripts will allow

each Defendant to review both the audio portion of the relevant audio communications as well as the Government's proposed transcription. All parties are encouraged to continue to work together through any issues related to the audiotapes at issue in this trial. The Court will not enter a pre-trial Order finding the audiotapes inadmissible and because the Court finds that the authentication of any audio communications should occur during trial, a *Starks* hearing will not be held. Therefore, Defendant's Motion for *Starks* Hearing (Doc. No. 564) is **DENIED**.

3. Motion for Forensic Analysis of Firearm: <u>Harold Bacon</u> (Doc. No. 559)

Defendant Bacon is charged at Count IV of the Superseding Indictment with possession of a firearm in furtherance of a drug trafficking crime on or about June 17, 2010. Doc. No. 143. Defendant moves this Court to order "DNA and/or forensic analysis for the firearm(s) in which Defendant is alleged to have been in the possession of." Doc. No. 550, ¶ 4. Defendant contends that this analysis is exculpatory pursuant to *Brady* and "should therefore be released immediately to the [D]efendant pursuant to Fed. R. Crim. Pro. 16(a)(1)." Id. at ¶ 5.

In its Response, the Government indicated that to its knowledge, Defendant transferred the firearm in question to another person and it never was within the Government's possession. Doc. No. 901, 25. Therefore, because the firearm is not within the Government's control, the Court cannot order any forensic testing of it. Accordingly, Defendant's Motion for Forensic Analysis of Firearm (Doc. No. 559) is **DENIED**.

**Motions to Suppress:**

1. Motion to Suppress Statements: <u>Gregory Washington</u> (Doc. No. 571)

Both Defendant Washington and the Government conceded that an evidentiary hearing was necessary for this Court to determine whether Defendant's Motion to Suppress Statements given to a Deputy from the Allegheny County Sheriff's Office and an FBI Special Agent should be granted or denied. Doc. No. 571, 1 and 901, 1. A hearing on this matter was held on September 11, 2012. The Court **DEFERS RULING ON THIS MOTION**, which will be addressed in a separate Opinion.


**Other Motions:**

1. Motion for Bill of Particulars: <u>Harold Bacon</u> (Doc. No. 560)
2. . . . Motion for Bill of Particulars . . . .: <u>Gregory Washington</u> (Doc. No. 580)
3. Motion for Bill of Particulars: <u>Duane Scott</u> (Doc. No. 865)

Defendants Bacon, Washington, and Scott have moved the Court, pursuant to Federal Rule of Criminal Procedure 7(f), to order the Government to file a Bill of Particulars. Doc. Nos. 560, 580, 865. Defendants' arguments are premised on the contention that the Superseding Indictment "does not provide any other facts that could provide any of the necessary information required to assist [Defendant] in formulating a defense." Doc. No. 865, 3. Federal Rule of Criminal Procedure 7(c)(1) sets forth that an indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government."

An indictment complies with Fed. R. Crim. Pro. 7(c)(1) when it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend,

11

and . . . enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Johnstone*, 856 F.2d 539, 541 (3d Cir. 1988) *quoting Hamling v. United States*, 418 U.S. 87, 117 (1974). The Court finds that the Superseding Indictment, coupled with discovery materials (including wiretaps of cell phone communications) that have been, and will be, provided by the Government, provide sufficient information for Defendants to determine the charge(s) against them and to prepare for trial. *See United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972). Therefore, Defendants' Motions for a Bill of Particulars (Doc. Nos. 560, 580, 865) are **DENIED**.

    4. Motion to Sever Defendant: <u>Harold Bacon</u> (Doc. No. 565)

    5. Proposed Motion to Sever Defendant: <u>Duane Scott</u> (Doc. No. 863)

Defendants Bacon and Scott have filed Motions for Severance. Doc. Nos. 565 and 863. Defendant Scott argues that "there is sure to be substantial evidence introduced against [his] codefendants, but not against him. This creates a serious risk that the jury will not be able to make a reliable judgment about his guilt or innocence." Doc. No. 863, 2. Defendant Bacon contends that "severance of this Defendant would be required as a joint trial could compromise [his] right to confrontation and cross-examination pursuant to the Sixth Amendment to the United States Constitution and would prevent the jury from making a reliable judgment about [his] guilt or innocence, in violation of Rule 14 of the Federal Rules of Criminal Procedure." Doc. No. 565, 2.

Rule 8(b) of the Federal Rules of Criminal Procedure permits joinder of Defendants in an indictment or information "if they are alleged to have participated in the same act or transactions, or in the same series of acts or transactions, constituting an offense or offenses." Pursuant to Federal Rule of Criminal Procedure 14(a), the Court may sever trials if "the joinder of offenses

or defendants in an indictment . . . appears to prejudice a defendant or the government." The Court recognizes the "fundamental principle" that the "federal system prefers 'joint trials of defendants who are indicted together []' because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Urban*, 404 F.3d at 776 *quoting Zafiro v. United States*, 506 U.S. 534, 537 (1993).

The Court finds that joint trials of Co-Defendants in this case would not prejudice the Defendants. The evidence that may be admitted in separate trials of Defendants Bacon and Scott would be duplicative of evidence that may be admitted against them in a single trial of all remaining Co-Defendants (as currently scheduled). This duplicative evidence would be compounded by the wiretap evidence. If the Defendants' trials were separate, presumably both juries could listen to the same telephone conversation but in one case only be focusing on Defendant Bacon and in the next trial focusing on Defendant Scott. The very nature of the Government's theory against Defendants and the evidence that may be introduced against them favors a joint trial for all Defendants in this case. Balancing the public interest in joint trials against the possibility of unfair prejudice to Defendants, the Court finds that Defendants have not demonstrated a "serious risk" that they will be prejudiced by a joint trial. *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991). As such, Defendants' Motions to Sever Trial (Doc. Nos. 565 and 863) are **DENIED**.

6. Motion to Suppress Wire and Electronic Interceptions: <u>Harold Bacon</u> (Doc. No. 558)
7. Motion to Suppress Wiretap Evidence: <u>Gregory Washington</u> (Doc. No. 572)
8. Motion to Suppress Wire and Electronic Communication: <u>Andre Allen</u> (Doc. No. 828)

The evidence obtained in this case is largely based upon eight applications targeting ten telephones that were approved by United States District Judge Terrence McVerry. (Filed at

13

miscellaneous case numbers: 10-153, 10-153(a)-(c), 10-153(e)-(h)). Defendants Bacon, Washington, and Allen have filed Motions which seek to suppress any evidence obtained as a result of these Court-authorized wiretaps. Doc. Nos. 558, 572, and 828. Defendants' arguments are three-fold: (1) the wiretap applications lacked sufficient "minimization facts"; (2) the application did not have sufficient "necessity" statements; and (3) the wiretap applications were not supported by sufficient probable cause.

Defendant Allen argues that "the application does not set forth sufficient facts from which the reviewing judge could have concluded that this particular eavesdropping request would have been carried out in a lawful manner. As such, the remedy of suppression is appropriate." Doc. No. 828, 9. Title 18 U.S.C. § 2518 is silent on the issue of minimization of facts. The Court is aware that wiretaps are very invasive and should only be authorized when they comply with all requirements of 18 U.S.C. § 2518(1)(C) and are supported by probable cause. *Scott v. United States*, 436 U.S. 128, 143 (1978). However, the Court does not believe that the wiretap applications lacked sufficient "minimization of facts" such that evidence obtained as a result should be suppressed. *See Dalia v. United States*, 441 U.S. 238, 257 (1979) (" . . . it is generally left to the discretion of the executing officers to determine the details of how best to proceed with the performance of a search authorized by warrant - subject of course to the general Fourth Amendment protection 'against unreasonable searches and seizures.'").

Defendants Bacon and Washington contend that the applications for wiretaps lack sufficient necessity statements. Doc. Nos. 558, 572. Title 18 U.S.C. § 2518(1)(C) requires that each application for an Order authorizing or approving interception of "a wire, oral, or electronic communication" shall include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely

14

to succeed if tried or to be too dangerous." *See also United States v. Hendricks*, 395 F.3d 173, 180 (3d Cir. 2005). This statute "does not require the government to exhaust all other investigative procedures before resorting to electronic surveillance." *United States v. Williams*, 124 F.3d 411, 418 (3d Cir. 1997). The applications at issue first set forth the specific goals of the investigation, and then indicated that investigators believed that wiretaps were the best way to further the investigation because traditional techniques had failed and/or were unlikely to be safe or successful:

> The investigative steps listed and discussed below have been tried and have failed to achieve the goal of the investigation, reasonably appear to be unlikely to succeed in achieving the goal of the investigation if they are tried or further pursued, or are too dangerous to employ or to continue to employ. Moreover, as will be further explained below, each of the investigative steps requires context to achieve the goal of this investigation. Under the facts and circumstances of this case, such context is only likely to be provided through the interception of wire communications and electronic communications.

10-mc-153, 24-26. The applications set forth specific techniques that were used by investigators and why they believe that traditional measures were no longer sufficient to obtain further information. This meets the necessity requirements of 18 U.S.C. § 2518(1)(C).

Defendant Washington argues that the wiretap application for Target Telephone 1 "violated the Defendant's Fourth Amendment rights because the information contained in the affidavit used to establish probable cause did not establish a sufficient nexus between the Defendant and the drug trafficking allegedly executed by the Manchester O.G. street gang." Doc. No. 572, ¶ 42.

Title 18 U.S.C. § 2518(3)(b) requires that the Court must determine that "there is probable cause for belief that particular communications concerning that offense will be obtained through such interception." Probable cause in the context of wiretap surveillance of telephones

exists when "the facility or property through or at which the intercepted communication takes place is the means or sit us of criminal activity." *Urban*, 404 F.3d at 773. The Government's application for wiretaps contained more than sufficient evidence that the target telephones were being used for criminal activity and thus were supported by probably cause.

Accordingly, for the reasons set forth above, Defendants' Motions to Suppress Evidence Obtained from Wiretaps (Doc. Nos. 558, 572, 828) are **DENIED**.

SO ORDERED,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties