IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | Criminal No. 11-0042 |
| | : | **ELECTONICALLY FILED** |
| v. | : | |
| | : | |
| HAROLD BACON, | : | |
| ANDRE ALLEN, | : | |
| CLARENCE THOMPSON, | : | |
| GREGORY WASHINGTON | : | |
| DUANE SCOTT, | : | |
| Defendant. | : | |

### ORDER OF COURT RE: PARTIES' MOTIONS IN LIMINE
### (DOC. NOS. 941-945, 950, 956, 967)

Pursuant to this Court's Pre-Trial Order, the parties files Motions in Limine by October 24, 2012. Doc. No. 869, ¶ 5.[1] There are eight (8) pending Motions in Limine before this Court, which will be addressed by party. Doc. Nos. 941-945, 950, 956, 967.

AND NOW, this 31st day of October 2012, IT IS HEREBY ORDERED THAT:

**A. Government Motions in Limine**

1. *Motion in Limine for Authorization to Recall Certain Law Enforcement Officers During Case-In-Chief (Doc. No. 941)*

In its Motion in Limine for Authorization to Recall Certain Law Enforcement Officers During Case-in-Chief, the Government, pursuant to Fed. R. Evid. 611(a), moves the Court to permit law enforcement officers to be recalled during the Prosecution's case-in-chief "to allow for the chronological presentation of evidence." Doc. No. 941, 1. The Court finds that it is preferable to present evidence to the jury in the most organized way possible, including presentation of evidence in a chronological manner, especially in this case which involves

---

[1] Responses to Motions in Limine were set by the Court. Text Orders of 10/9/12, 10/11/12, 10/16/12.

multiple Defendants, an extended period of time, and numerous intercepted cell phone communications and drug transactions.  The Court encourages Counsel, if they have not already done so, to discuss the manner in which the witness will be recalled to limit any concerns raised in Defendant Bacon's Response to this Motion in Limine (Doc. No. 949).  Recalling a witness will not be permitted to be used as a vehicle for either side to ask questions that they failed to ask during the first direct or cross examination.  Therefore, because of the nature of this case, the Government's Motion in Limine for Authorization to Recall Certain Law Enforcement Officers During Case-in-Chief (Doc. No. 944) is **GRANTED**.  Pittsburgh Police Detective Christian Sciulli will be permitted to be recalled during the Government's case-in-chief so that evidence may be presented chronologically.  If the Government intends to re-call other law enforcement officers during trial, it shall inform the Court and Defense Counsel prior to that Officer taking the stand.

>    2. *Motion in Limine for Authorization for the Presence of Two Law Enforcement Officers at Counsel Table (Doc. No. 942)*

In its Motion in Limine for Authorization for the Presence of Two Law Enforcement Officers at Counsel Table, the Government moves this Court, pursuant to Fed. R. Evid. 615, to permit Detective Christian Sciulli and Agent Karen Springmeyer to sit at counsel table throughout the trial.  No Defendant filed a Response to this Motion.  Detective Sciulli has been designated as the Prosecution's representative pursuant to Fed. R. Evid. 615(2).  The Government represents that Agent Springmeyer's presence is essential to its presentation of the evidence.  Doc. No. 942, 2.  The Court finds that the presence of both Detective Sciulli and Agent Springmeyer at counsel table is appropriate, pursuant to Fed. R. Evid. 615, and therefore, the Government's Motion in Limine for Authorization for the Presence of Two Law Enforcement Officers at Counsel Table (Doc. No. 942) is **GRANTED**.

      *3. Motion in Limine for Authorization for the Jury to Utilize a Computer to Review Audio Recordings (Doc. No. 943)*

In its Motion in Limine for Authorization for the Jury to Utilize a Computer to Review Audio Recordings, the Government moves the Court to permit the jury to utilize a "non-networked, clean laptop computer to review the audio recordings of intercepted calls that are admitted as substantive evidence during the trial." Doc. No. 943, 1. Defendants did not file a Response to this Motion in Limine. The Court finds that the jury should be permitted to review the cell phone communications, which are admitted into evidence, during its deliberations. As such, the jury will be permitted to review a CD/DVD of these communications on a laptop computer. Therefore, the Government's Motion in Limine for Authorization for the Jury to Utilize a Computer to Review Audio Recordings (Doc. No. 943) is **GRANTED**. The Government shall provide the Court with the laptop computer and a CD/DVD of intercepted audio cell phone communications on or before November 2, 2012, at NOON, for the Court's review.

      *4. Motion in Limine for Authorization for the Jury to Utilize the Transcripts of the Intercepted Communications During Its Deliberations (Doc. No. 944)*

In its Motion in Limine for Authorization for the Jury to Utilize the Transcripts of the Intercepted Communications During Its Deliberations, the Government moves the Court to permit transcripts of intercepted phone calls and text messages to be with the jury during its deliberations. Doc. No. 944, 1. In his Response to this Motion in Limine, Defendant Bacon contends that the jury will rely too heavily on the transcripts because "the quality of many of these recordings is not good and the sound quality is poor and/or faint . . . ." Doc. No. 948, 1. The Court finds that transcripts of the intercepted communications may be used by the jury as listening aids and may be with the jury during deliberations. The Court will instruct the jury that the transcripts of the cell phone calls are only listening aids and are not substantive evidence,

both prior to the introduction of the first intercepted communication and during final jury instructions. The Government will hand-deliver a copy of the transcripts and audiotapes for this Court's review on or before November 2, 2012, at NOON. If Defense Counsel disputes the accuracy of any transcript, on or before November 7, 2012, they shall file a document outlining which sessions, if any, are disputed, and their proposed alternate transcript. The Government's Motion in Limine for Authorization for the Jury to Utilize the Transcripts of the Intercepted Communications During Deliberations (Doc. No. 944) is **GRANTED**.

> 5. *Motion in Limine to Exclude Improper Cross-Examinations About Past Arrests, Dismissed or Acquitted Charges, and Non-Qualifying Convictions (Doc. No. 945)*

In its Motion in Limine to Exclude Improper Cross-Examination about Past Arrest, Dismissed or Acquitted Charges, and Non-Qualifying Convictions, the Government moves this Court to bar Defense Counsel from cross-examining Government witnesses about any arrests, dismissed charges, non-qualifying convictions, or acquittals. Doc. No. 945, 2. All Counsel are reminded of their obligation to comply with Fed. R. Evid. 609(a) during cross-examination. As such, because the Government's Motion in Limine to Exclude Improper Cross-Examination about Past Arrest, Dismissed or Acquitted Charges, and Non-Qualifying Convictions (Doc. No. 945) is consistent with Fed. R. Evid. 609(a), it is **GRANTED**.

> 6. *Motion in Limine for Authorization to Admit Standard Lay Opinion Testimony (Doc. No. 950)*

In its Motion in Limine for Authorization to Admit Standard Lay Opinion Testimony, the Government moves this Court to permit "standard lay opinion testimony by Detective Christian Sciulli explaining the meaning of ambiguous words and phrases pursuant to Federal Rule of Evidence 701." Doc. No. 950, 1. The Government contends that Detective Sciulli's explanation of colloquialisms used on the intercepted communications and text messages "will be based upon his extensive observations and perceptions from this investigation." Id. at 1. In his Response to

4

this Motion in Limine, Defendant Bacon contends that Detective Sciulli's anticipated testimony does not comport with one of Fed. R. Evid. 701's exceptions for lay witness opinion testimony. Doc. No. 953, ¶ 5. Defendant Bacon requests that if such testimony is allowed, that the jury be instructed prior to such testimony. Id. at ¶ 7. Counsel for all parties shall meet to attempt to agree on a proposed limiting instruction to be read to the jury prior to Detective Sciulli's testimony and during final jury instructions. This instruction shall be filed on or before November 6, 2012. The Government's Motion in Limine for Authorization to Admit Standard Law Opinion Testimony (Doc. No. 950) is **GRANTED**.

**B. Motions in Limine filed by Harold Bacon**

*1. Motion in Limine to Exclude Evidence Under F.R.E. 404(b) (Doc. No. 956)*

In his Motion in Limine, Defendant Bacon contends that his prior convictions may not be admitted into evidence because they are "not relevant, too remote, and completely unrelated to the alleged heroin conspiracy charges in the instant [superseding] indictment." Doc. No. 956, ¶ 6. The Government filed a Response to this Motion in Limine. Doc. No. 968.

The Government provided notice of its intent to use the following:

1. "Harold Bacon was convicted in 2004 in the Allegheny County Court of Common Pleas of possession with intent to deliver heroin and delivery of heroin.";

2. "Harold Bacon . . . distributed heroin in 2008 and 2009 as well as during the period of the conspiracy charged in the superseding indictment."; and

3. "[o]n August 14, 2009, Harold Bacon ran from the police into a residence, laid down beside a 3-year-old female child, and then told the police officers who pursued him to that location that he was just spending time with his daughter. The child was not Harold Bacon's daughter and the residence was not Harold Bacon's residence. (see

5

attached Pittsburgh Bureau of Police report – this evidence will be presented in the event that Harold Bacon testifies.)"

Fed. R. Evid. 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Court finds that Defendant Bacon's alleged distribution of heroin in 2008 and 2009, with the same co-conspirators that he is charged with in the present case, is admissible as evidence of the alleged existence of a conspiracy as well as his knowledge that the conspiracy existed. *See United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002) ("An additional unenumerated yet permissible purpose for admitting evidence under Rule 404(b) is to 'demonstrate a continuing relationship between an unindicted co-conspirator and the defendant . . .'"). The Government may only introduce evidence of Defendant Bacon's false statement to police on cross-examination to inquire into Defendant Bacon's truthfulness or untruthfulness. Fed. R. Evid. 608(b)(1). The Government may not refer to any of these convictions or incidents in its opening statements and must notify Defense Counsel and the Court before introducing any of these prior convictions or incidents. Therefore, Defendant Motion in Limine to Exclude Evidence Under F.R.E. 404(b) (Doc. No. 956) is **GRANTED IN PART AND DENIED IN PART**.

 2. *Motion in Limine to Prohibit the Mentioning of Telephone Calls and Text Messages Attributable to Defendant to the Jury Prior to Authentication and Foundation (Doc. No. 967)*

In his Motion in Limine to Prohibit the Mentioning of Telephone Calls and Text Messages Attributable to Defendant to the Jury Prior to Authentication and Found, Defendant Bacon moves this Court to prohibit reference of the intercepted cell phone communications until

such time as they are authenticated pursuant to Fed. R. Evid. 901 (if possible). Doc. No. 967, ¶¶ 1-6. During trial, the Government contends that it will present evidence to authenticate the intercepted cell phone communications it intends to present as evidence. Doc. No. 969. At that point, the Court will rule whether such evidence is sufficient to authenticate the intercepted cellphone communications pursuant to Fed. R. Evid. 104(b) and 901. The Court declines to rule, in advance of such evidence, that the text messages are not admissible because of a lack of foundation. The jury will be instructed that the attorney's argument are not evidence, and therefore, reference to the text messages may be made during opening argument. However, the substance of these communications may not be discussed. Therefore, Defendant Bacon's Motion in Limine to Prohibit the Mentioning of Telephone Calls and Text Messages Attributable to Defendant to the Jury Prior to Authentication and Foundation (Doc. No. 967) is **GRANTED in part and DENIED in part**.

### C. Defendants Andre Allen, Clarence Thompson, Gregory Washington, and Duane Scott

Defendants Allen, Thompson, Washington, and Scott did not file any Motions in Limine. Defendant Scott's Motion for Joinder in Defendants' Motions in Limine and Defendants' Responses to Motion in Limine was granted and thus this Order shall apply equally to him. Doc. Nos. 960 and 961.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Court Judge

cc:	ECF Parties and Counsel